UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:15-CR-012 |
| | ) |
| EUGENE CARL KOTELMAN | ) |

**MEMORANDUM AND ORDER**

The defendant pled guilty to conspiring to commit wire fraud. He will be sentenced on October 22, 2015. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 203], to which the parties have filed more than twenty-five objections. For the reasons that follow, those objections will be sustained in part and overruled in part.

I.

*Paragraph 32*

The PSR increases the defendant's offense level by fourteen pursuant to both United States Sentencing Guideline ("U.S.S.G.") 2B1.1(b)(1)(H) and the parties' negotiated plea agreement. That agreement specifically provides, "The parties agree . . . [that the] loss amount for purposes of U.S.S.G. § 2B1.1(b) is more than $400,000 but less than $1,000,000, which yields an increase of fourteen offense levels." [Doc. 101, ¶ 8(b)].

Through their objections, the parties now jointly inform the court that the plea agreement contains a drafting error and that it was their intention to agree to an increase

of only twelve levels (more than $200,000.00 but not more than $400,000.00) pursuant to U.S.S.G. § 2B1.1(b)(1)(G). The parties ask the court to modify the PSR accordingly.

In this ten-defendant tax fraud conspiracy case, the prosecuting attorney and the various defense counsel have done a commendable job of negotiating resolutions to oft-disputed issues such as loss amount and number of victims. The present attorneys' representation that their plea agreement contains a drafting error is credited, and that error will now be corrected. At paragraph 32, the offense level will be increased by twelve rather than fourteen. The defendant's total offense level is reduced from 22 to 20. His criminal history category remains VI. His advisory guideline range is reduced to 70 to 87 months.

## II.

### *Paragraph 33*

At paragraph 33, the PSR increases the offense level by two pursuant to U.S.S.G. § 2B1.1(b)(2)(A) to account for the number of victims in this case. The parties object, as their plea agreement contains a negotiated increase of only one level for the number of victims.

Guideline 2B1.1(b)(2) expressly provides only for increases of two, four, or six levels. However, the guidelines are of course merely advisory. Again, the parties' negotiated resolution of this oft-disputed issue is to be commended and is accepted by the court. At paragraph 33, the offense level will be increased by one rather than by two. The defendant's total offense level is reduced from 20 to 19. His criminal history category remains VI, and his advisory guideline range is reduced to 63 to 78 months.

## III.

*Paragraphs 18, 22, and 23*

Paragraphs 17 through 26 of the PSR contain background information designed to assist the court in understanding each participant's role in this conspiracy. The defendant objects that paragraphs 18 and 22 do not pertain to him, and he disputes the information contained in paragraph 23. The defendant objects to the use of these paragraphs "in determining the appropriate sentence for him."

The defendant's leadership role in this extensive conspiracy is clear to the court with or without consideration of paragraphs 18, 22, and 23. Those paragraphs will not impact the court's sentencing determination. The defendant's objections to those paragraphs are therefore moot. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing).

## IV.

*Restitution*

At paragraph 27, the PSR notes that "[r]estitution in the amount of $1,249,934 is owing to the United States Treasury." The defendant "objects so far as his responsibility for paying all restitution and avers that restitution should be apportioned between all defendants or, in the alternative, ordered joint and severally."

Restitution has, and will continue to be, ordered as to all ten defendants in this case in the amount of $1,249,934.00. Joint and several liability has been, and will continue to be, imposed as to all ten defendants. The present defendant's objection to paragraph 27 is therefore moot.

3

## V.

*Remaining Objections*

By his final sixteen objections, the defendant either: (1) contests the number of criminal history points assigned to certain convictions; or (2) challenges minor facts pertaining to his prior misconduct (*i.e.,* that he stole a bicycle rather a motorcycle, or that he stole a debit card but not the wallet containing the card).

As noted, the PSR places the defendant in criminal history category VI. An astounding 41 criminal history points have been assigned. Even if all sixteen of the defendant's remaining objections were sustained, he would still have 33 criminal history points – <u>twenty</u> more than what is needed to place him in category VI. The PSR's compilation of the defendant's criminal history spans twenty-three pages and eighty-two paragraphs.

With or without the facts challenged by the defendant's final sixteen objections, the PSR makes its point. The defendant's egregious disrespect for the law began at least by age twelve and has continued uninterrupted throughout his adult life. That message remains the same whether the total criminal history points are 33 or 41, whether the defendant stole a bicycle or a motorcycle, or whether he stole a card or the whole wallet. The defendant's final sixteen objections are moot. *See* Fed. R. Crim. P. 32(i)(3)(B).

## VI.

*Conclusion*

For the reasons provided herein:

1. The parties' objections pertaining to U.S.S.G. §§ 2B1.1(b)(1) and (b)(2) [docs. 223, 247] are **SUSTAINED**.  The defendant's total offense level is reduced to 19.  His criminal history category remains VI, and his advisory guideline range is reduced to 63 to 78 months.

2. The defendant's remaining objections [doc. 247] are **OVERRULED AS MOOT**.

Sentencing remains set for October 22, 2015, at 10:30 a.m. in Greeneville.

    **IT IS SO ORDERED.**

                          ENTER:

                          s/ Leon Jordan
                       United States District Judge